FILED
December 20, 2006
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0000639403

**7**
Byron Lee Lynch, State Bar No. 074729
1805 Hilltop Drive, Suite 202
Redding, CA 96002
Telephone [530] 224-1133

Attorney for Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| In re: | Case No. | **06-21732-7** |
|---|---|---|
| MICHAEL METZGER, | MC#: | BLL-2 |
| | Date: | Jan. 9, 2007 |
| Debtor. | Time: | 9:30 a.m. |
| | Dept: | C |
| | Ct Rm. | 33 |

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING
### TRIPARTITE SETTLEMENT AGREEMENT

**Introduction**:

1.      This is your trustee's motion to approve a Tripartite Settlement Agreement (Agreement) between the debtor, Michael Metzger, (Debtor), the Debtor's non filing spouse Linda Metzger, (Linda), and John Reger, in his capacity as Trustee of this bankruptcy case (Reger).  The Agreement resolves a dispute over a residence located at 25 Roohr Court, Chico, CA, 95928 (Residence).

2.      Debtor filed this bankruptcy case on May 24, 2006 and did not claim an interest in the Residence.  Debtor has been married to Linda for 17 years and they reside together the Residence.   The Residence was purchased during the marriage but is currently titled to Linda as her seperate property.

LAW OFFICES OF
BYRON LEE LYNCH
REDDING, CALIFORNIA 96002
530-244-1133

3.      Trustee claims the Residence is the joint property of Debtor and Linda.   Trustee's claim is disputed by both Debtor and Linda.

**The proposed settlement and the Woodson Factors**:

4.      Linda disputes Trustee's contentions and argues that the Residence is titled to her as separate property, and she has claimed the interest deductions on a separate income tax return.   Debtor supports Linda and maintains it is her separate property.

5.      However, a prior residence was titled to a revocable trust in which the Debtor and Linda were joint trustee and both had the right to control its disposition.   The prior residence was sold and the proceeds used to purchase the Residence which is the subject of the Agreement.

6.      Debtor and Linda paid $560,000 for the Residence on July 1, 2005. Trustee believes the purchase price represents the approximate value of the Residence, which is $560,000.   Total liens amount to $435,000 and the equity is approximately $125,000.   Cost of sale will further reduce the realizable equity by approximately 6%, or $33,600.   Assuming the trustee were to prevail in litigation, the equity in the Residence would be approximately $91,400.   The estate would be entitled to one half of the equity, which is $45,700.

7.      The terms of the proposed Agreement provide that the order approving it adjudge the Residence to be Community Property of this estate.   However, the Debtor and/or Linda may redeemed their interest in the Residence and fully satisfied the estate, by the payment of $55,000 cash within 30 days of the date any order approving the proposed Agreement is entered on the Docket of the bankruptcy court.

LAW OFFICES OF
BYRON LEE LYNCH
REDDING, CALIFORNIA 96002
530-244-1133

8.    Thus if Linda redeems the Residence, the estate will receive $55,000 which exceeds the equity the estate could realize following successful litigation and sale.  If she fails to redeem, the estate's interest will be a community interest in the Residence, which is the maximum interest the estate could receive in litigation.

9.    Linda will seek to refinance the Residence and redeem the estate's interest.  If she cannot refinance it, both Debtor and Linda may file a joint petition pursuant to Chapter 13.

10.    To the extend the estate's cooperation is needed, Trustee's seeks authorization to execute documents as may be required by a title insurance company.

11.    Mutual releases between the estate, Debtor, and Linda are triggered by the actual receipt of $55,000 by the estate.

**Authorities:**

12.    Rule 9019, Federal Rules of Bankruptcy Procedure, states in pertinent part:

> (a) Compromise.  On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

13.    The courts have applied a specific set of standards to evaluate the propriety of a proposed settlement agreement.   In In re A&C Properties, 784 F.2d 1377 (9th Cir. 1986) the court stated:

> "In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) the probability of success of the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the

LAW OFFICES OF
BYRON LEE LYNCH
REDDING, CALIFORNIA 96002
530-244-1133

1

2

3

4

complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. <u>In re Flight Transportation Corporation Securities Litigation</u>, 730 F.2d 1128, 1135 (8th Cir. 1984) (Citations omitted), <u>cert. denied</u>, _____ U.S. _____, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985).  784 F.2d 1381.

5

6

7

8

9

10

14.    The Court has discretion in approving a compromise which should be exercised where the compromise is fair and equitable.  <u>In re A&C Properties</u>, 487 F.2d 1322, 1381 (9th Cir.); <u>cert. denied sub nom.  Martin v. Robinson</u>, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986).  In determining whether the compromise is fair and equitable pursuant to <u>A&C Properties</u>, the court should consider:

11

(a.)    **The probability of success in litigation.**

12

13

14

15

16

17

Trustee believes he would succeed in any litigation to resolve this dispute.  However, a judgment may be in the form of granting a tenancy in common, joint tenancy, or community interest in the Residence to the estate.   By the terms of the proposed Agreement, the parties may pay 1/2 of the total equity in the Residence in cash within 30 days, or the entire Residence becomes the community property of the estate.

18

19

20

21

22

23

24

Accordingly, although the estate is likely to prevail in litigation, the proposed Agreement fixes the economic value of the settlement at the probable value of the Residence, if the estate receives cash in the near term. If payment is delayed the Residence becomes the community property of the estate, which it may sell.  However if Linda cannot refinance the Residence, Trustee anticipates the estate will become a Chapter 13 case.

25

In either alternative, this is a positive result for the estate.

26

27

28

LAW OFFICES OF
BYRON LEE LYNCH
REDDING, CALIFORNIA 96002
530-244-1133

 (b.) **Difficulty in collection**. This is a significant factor because it involves a family residence. The proposed settlement reduces the delay.

 (c.) **The complexity of the litigation involved and the expense, inconvenience and delay attending it.** The litigation in this case would be moderately complex.

 (d.) **Paramount interest of creditors in proper deference to their reasonable views.** Trustee believes the proposed Agreement is beneficial to creditors because it will pay a dividend. However, the reasonable views of creditors, if expressed, should be considered by the court.

**Attorney's fees and cost:**

15. Counsel's employment was approved by the court, on a 1/3 contingency fee basis, pursuant to BLL-1 on August 11, 2006.

16. Counsel has reviewed relevant documents, including a chain of title on the prior residence and current Residence, the trust and related information, and income tax returns. Counsel has examined the Debtor and negotiated the Agreement with Debtor's counsel.

17. If the Agreement is approved, counsel will have earned a contingency fee equal to  1/3 of the settlement funds, $55,000.00 / 1/3 = $18,333.33.

18. Counsel has advanced cost in the amount of $82.40. A true and correct copy of a cost register is attached hereto as Exhibit "A", which sets forth the cost advanced by counsel.

Trustee's Motion For Order Authorizing
Tripartite Settlement Agreement

LAW OFFICES OF
BYRON LEE LYNCH
REDDING, CALIFORNIA 96002
530-244-1133

19.   By this motion, trustee seeks approval of fees equal to 1/3 of the settlement funds ($55,000.00 / 1/3 = $18,333.33), together with cost in the amount of $82.40.  Total compensation sought is $18,415.73.

WHEREFORE, your trustee prays for an order of court:

a.   authorizing him to enter into the proposed Tripartite Settlement Agreement;

b.   ajudging the Residence to be the community property of this estate;

c.   authorizing Linda to redeem her interest in the Residence by the payment of $55,000 cash, to the estate, within 30 days of the entry of the order approving the Agreement;

b.   authorizing him to execute such documents as may be reasonable necessary to allow Linda to refinance the Residence;

c.   approving fees equal to 1/3 of the amounts paid by The Debtor and/or Linda, ($18,333.33)  plus cost of $94.50;

d.   providing the such fees and cost are entitled to an administrative priority pursuant to 11 U.S.C § 503(b)(2); and

e.   such other and further relief as may appear just on the premisis.

DATED:      December 19, 2006

Byron Lee Lynch, counsel to
JOHN W. REGER,
Chapter 7 Trustee

LAW OFFICES OF
BYRON LEE LYNCH
REDDING, CALIFORNIA 96002
530-244-1133

# Register Listing
### 8/11/06 through 1/9/07

| Date | Num | Transaction | Decrea... | Clr | Increase | Balance |
|------|-----|-------------|-----------|-----|----------|---------|
| 8/11/06 | | Court call | | ✔ | 41.20 | 41.20 |
| 1/9/07 | | Court call | | | 41.20 | 82.40 |

Exhibit "A"

Page  7  of  7