FILED
December 20, 2006
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000639404

Byron Lee Lynch, State Bar No. 074729
1805 Hilltop Drive, Suite 202
Redding, CA 96002
Telephone [530] 224-1133

Attorney for Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re: | Case No. | **06-21732-C-7** |
|---|---|---|
| MICHAEL METZGER, | MC#: | BLL-2 |
|  | Date: | Jan. 9, 2007 |
| Debtor. | Time: | 9:00 a.m. |
|  | Dept: | C |
|  | Ct Rm. | 35 |

### TRIPARTITE SETTLEMENT AGREEMENT

1.   This Tripartite Settlement Agreement Authorizing (Agreement) is entered into between the debtor, Michael Metzger, (Debtor), the Debtor's non filing spouse Linda Metzger, (Linda), and John Reger, in his capacity as Trustee of this bankruptcy case (Reger). This Agreement is subject to the approval of the bankruptcy court.

**Preliminary recitals:**

2.   Debtor, and Linda have been married for 17 years and currently reside together in a residence located at 25 Roohr Court, Chico, CA, 95928 (Residence), as more particularly described in Exhibit "A" hereto. The Residence was purchased during the marriage but is currently titled to Linda. Debtor did not claim an interest in the Residence in his bankruptcy case. None-the-less, Trustee claims the Residence is the joint property of Debtor and Linda. This Agreement resolves the claim of Trustee in and to the Residence.

LAW OFFICES OF
BYRON LYNCH
REDDING, CALIFORNIA 96002
530-224-1133

**Agreement:**

3. Upon bankruptcy court approval of this Agreement, the Order approving the Agreement, shall adjudge the Residence to be Community Property of this estate.

4. The interest of Debtor and/or Linda in the Residence may be redeemed, and the estate's interest in the Residence fully satisfied by the payment of $55,000 cash to the estate, within 30 days of the date any order approving this Agreement is entered on the Docket of the bankruptcy court.

**RELEASES**

5. **Release by Trustee:** Upon bankruptcy court approval of this Agreement, and the actual receipt of $55,000 by the estate, Trustee and the Estate, and each of them, hereby release Debtor, Linda, and the Residence, their employees, attorneys, successors and assigns from any and all claims, demands, obligations, damages, liabilities and causes of action, of any nature whatsoever, known or unknown, suspected or unsuspected, whether based on contract, tort, statute, claim in bankruptcy, or other legal or equitable theory of recovery. Upon the actual receipt of $55,000 by the estate, Trustee agrees to execute any and all documents reasonable requested by Debtor or Linda as may be necessary to give full and complete effect to this Release.

6. **Release by Debtor and Linda:** Upon bankruptcy court approval of this Agreement, and the actual payment of $55,000 to the estate, Michael Metzger, Linda Metzger, and each of them, hereby releases John Reger, Trustee, and the Estate and its employees, attorneys, successors and assigns from any and all claims, demands, obligations,

LAW OFFICES OF
BYRON LYNCH
REDDING, CALIFORNIA 96002
530-224-1133

damages, liabilities and causes of action, of any nature whatsoever, known or unknown, suspected or unsuspected, whether based on contract, tort, statute, claim in bankruptcy, or other legal or equitable theory of recovery.

7. **Waiver of California Civil Code Section 1542:** The Parties to this agreement, and each of them, with respect to the claims released in this Agreement, expressly waive any rights or benefits available to them under the provisions of section 1542 of the California Civil Code, or any similar statute, which provides as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

8. Each party acknowledges that its attorney at law has explained to him the meaning and effect of this statute. The Parties fully understand the statutory language of California Civil Code section 1542 and, with this understanding, they nevertheless assume all risk for claims released under this Agreement, known or unknown, and they specifically waive any rights they may have under California Civil Code section 1542. The Parties fully understand that if the facts with respect to which this Agreement is executed and the dismissal herein provided for is made, are found hereafter to be other than or different from the facts now believed by them to be true, they expressly accept and assume the risk of such possible difference in facts and agree that this Agreement shall be and remain effective notwithstanding such difference in facts.

### Miscellaneous

9. **No Admission of Liability:** The Parties' consent to this Agreement is given in recognition of the risk of further litigation and in order to prevent

the expense of further litigation, and does **not** constitute an admission of liability or any admission that any of the facts asserted by any party hereto are true or that the claim or any portion thereof asserted by any party hereto is well founded. Nothing contained herein shall be construed as an admission by any of the Parties of any liability of any kind, all such liability being expressly denied.

10. <u>Bankruptcy Court Approval:</u> This Agreement is subject to the approval of the Bankruptcy Court in the Bankruptcy Case. Approval of the Bankruptcy Court of all of the terms of this Agreement is a condition precedent to the binding and legal effect of this Agreement. Each party shall support any motion brought to obtain the approval of the Bankruptcy Court. If for any reason the Bankruptcy Court does not approve this Agreement, in that event nothing contained herein, or in any motion brought to obtain the approval of the Bankruptcy Court of this Agreement, may be used by any party as an admission against the other in any subsequent litigation, action, or proceeding.

11. <u>Advice of Counsel:</u> The Parties, and each of them, represent and acknowledge that each of them has separately engaged and been advised by legal counsel with respect to this Agreement and the related instruments, documents and agreements and all matters covered by or related to this Agreement. Each party states that the entire contents of this Agreement have been explained to it or them by their duly authorized attorney at law and that this Agreement is executed voluntarily and with full knowledge of its significance.

12. <u>Approval of Agreement:</u> Upon the completion of this Agreement, Trustee will promptly seek approval of this Agreement in its entirety in the Bankruptcy Case. Each party hereto will undertake their respective best

LAW OFFICES OF
BYRON LYNCH
REDDING, CALIFORNIA 96002
530-224-1133

Page 4 of 8
Tripartite Settlement Agreement

efforts to support the motion of Trustee to approve the compromise reflected in this Agreement in its entirety.

13. <u>Further Assurances:</u> The Parties agree now and in the future execute, acknowledge and deliver any and all such further reasonable instruments, documents and agreements as may be necessary, expedient, or proper, in order to complete any and all transactions contemplated by this Agreement, and to do any and all other acts and to execute, acknowledge and deliver any and all documents as so requested in order to carry out the intent and purpose of this Agreement.

14. <u>Agreement Authorized:</u> This Agreement and each of the other agreements, instruments or documents contemplated hereby have been duly authorized, executed and delivered by each of them and/or the other persons and entities thereto, if any; the execution, delivery and performance obligation(s) of this Agreement and each of such other agreements, instruments or documents from each of them and/or other persons or entities do not require the consent or approval of any governmental body or regulatory authority, except the Bankruptcy Court in the Bankruptcy Case and are not in contravention of or conflict with any law or regulation or any term or provision of articles of incorporation, by-laws, trust agreements or partnership agreements; and this Agreement and each of the other agreements, instruments or documents contemplated hereby are the valid and binding obligations of each of them and/or the other persons or entities, enforceable in accordance with their respective terms.

15. <u>Integration clause:</u> This Agreement supersedes all prior negotiations, communications, understandings, discussions and commitments relating to this Agreement, whether written or oral or whether between or among the Parties or their respective counsel and

LAW OFFICES OF
BYRON LYNCH
REDDING, CALIFORNIA 96002
530-224-1133

Page 5 of 8
Tripartite Settlement Agreement

constitutes the entire agreement of the Parties. This Agreement and any document and instrument executed in connection with this Agreement constitutes the "arms length" negotiations of all the parties hereto and the enforcement shall be interpreted in a neutral manner, and not more strongly for or against any party based upon the source of the draftsmanship hereof. This Agreement and the related instruments, documents, agreements and transactions shall <u>not</u> be construed against either party merely because of their involvement in the preparation. References to the plural in this Agreement shall include the singular, and vice versa, unless the context otherwise requires.

16. <u>Modification</u>: This Agreement may be modified or amended only by written instrument. No amendment or other modification, rescission, release or assignment of any part of this Agreement shall be effective except pursuant to a written agreement subscribed to by parties hereto or their duly authorized representatives.

35. <u>Attorney Fees:</u> If any party to this Agreement is required to take any legal or equitable action including, without limitation, an action for declaratory relief, specific performance or other proceeding to enforce, construe or defend any provision contained in this Agreement or relating to this Agreement, the prevailing party shall be entitled to the reimbursement of reasonable attorney fees.

17. <u>Counterparts:</u> This Agreement may be executed by each of the Parties in separate counterparts, each of which when so executed will be an original, but all such counterparts will together constitute but one and the same instrument.

18. <u>No Representations</u>: The Parties, and each of them, acknowledge and agree that they have relied on their own information and completed

LAW OFFICES OF
BYRON LYNCH
REDDING, CALIFORNIA 96002
530-224-1133

Page 6 of 8
Tripartite Settlement Agreement

investigation as to all matters agreed, represented, warranted or acknowledged herein and they have no desire for further information and for further investigation.

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of October 25, 2006.

_____  
Michael Metzger

_____  
Doug Jacobs  
Counsel to Michael Metzger

_____  
Linda Metzger

_____  
Doug Jacobs  
Counsel to Linda Metzger

_____  
John Reger,  
Trustee

_____  
Byron Lee Lynch  
Counsel to John Reger,  
Trustee

LAW OFFICES OF
BYRON LYNCH
REDDING, CALIFORNIA 96002
530-224-1133

Page 7 of 8  
Tripartite Settlement Agreement

Exhibit "A"

A PARCEL OF LAND LOCATED IN THE STATE OF CA, COUNTY OF BUTTE, WITH A SITUS ADDRESS OF 25 ROOHR CT, CHICO CA 95928-9446 R014 CURRENTLY OWNED BY METZGER LINDA & HAVING A TAX ASSESSOR NUMBER OF 002-620-048-000 AND BEING THE SAME PROPERTY MORE FULLY DESCRIBED AS LOT 47 SHASTAN HOMES AND DESCRIBED IN DOCUMENT NUMBER 38430 DATED 06/27/2005 AND RECORDED 07/01/2005.

LAW OFFICES OF
BYRON LYNCH
REDDING, CALIFORNIA 96002
530-224-1133

Page 8 of 8
Tripartite Settlement Agreement